IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIE L. BANDY,<br><br>        Plaintiff,<br><br>vs.<br><br>SECRETARY OF THE DEPARTMENT OF TREASURY, *et al.*,<br><br>        Defendants. | CASE NO. 1:23-cv-54<br><br>DISTRICT JUDGE<br>DONALD C. NUGENT<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT AND RECOMMENDATION** |

Pro se plaintiff Willie Bandy brought this action against Defendants Janet Yellen and Charles P. Rettig in their official capacities as Secretary of the Department of Treasury and Commissioner of Internal Revenue Service, respectively. Bandy alleges that he didn't receive a $600 Economic Impact Payment from the Internal Revenue Service because the defendants improperly offset the $600 due to Bandy's pre-existing child support debt. The District Judge referred this case to me for general pretrial supervision, including preparing report and recommendations on case-dispositive motions. Doc. 4.

The defendants have filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), alleging that this Court lacks subject matter jurisdiction over Bandy's claims and that Bandy has failed to state a claim upon which relief can be granted. Doc. 23. Bandy filed an opposition brief. Doc. 24. In the same filing, Bandy moved to dismiss the defendants'

Motion, alleging that the defendants are in default. Doc. 24. The defendants filed a reply to their Motion and an opposition to Bandy's Motion, Doc. 26, and Bandy filed a reply to his Motion, Doc. 27. For the reasons explained below, I recommend that the Court grant the defendants' Motion to dismiss and deny Bandy's Motion for default.

*Background*

In 2020 and 2021, in response to the Covid-19 pandemic, Congress passed three laws which distributed Economic Impact Payments to eligible individuals. *See Griffin v. United States*, No. 21-cv-2307, 2022 WL 1101817, at *2 (Fed. Cl. Apr. 13, 2022).[1] The first payment, under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, was for up to $1,200. *Griffin*, 2022 WL 1101817, at *2 (citing Pub. L. No. 116-136, § 2201(a), 134 Stat. 281, 335–37 (2020), *codified as amended at* 26 U.S.C. § 6428). The second, under the Tax Relief Act of 2020, which was part of the Consolidated Appropriations Act, was for up to $600. *Griffin*, 2022 WL 1101817, at *2 (citing Pub. L. No. 116-260, § 272(a), 134 Stat. 1182, 1965–71, *codified as amended at* 26 U.S.C. § 6428A). And the third, under the American Rescue Plan Act of 2021, was for up to $1,400. *Griffin*, 2022 WL 1101817, at *2 (citing Pub. L. No. 117-2, § 9601(a), 135 Stat. 4, 138–42, *codified as amended at* 26 U.S.C. § 6428B).

---

[1] *See also* Economic Impact Payments, Department of the Treasury, https://home.treasury.gov/policy-issues/coronavirus/assistance-for-american-families-and-workers/economic-impact-payments [https://perma.cc/FH6U-3668].

2

Bandy owes back child support to the State of Ohio.[2] Doc. 1, at 5; Doc. 23-1, at 1–2. He has been in prison, and unemployed, for "more than two decades." Doc. 1, at 14. And so, Bandy asserts, he "is not a taxpayer." *Id*. at 7. Bandy explains that he consulted an Internal Revenue Service website for information about the economic impact payments described above. *Id*. at 5. Based on "frequently [asked] questions" on that website, Bandy believed that the first, $1,200 payment was subject to offset for Bandy's past-due child support, but that the second, $600 payment was not subject to offset. *Id*. This information was confirmed in a January 2021 question-and-answer exchange between Bandy and an individual from the Ohio Department of Rehabilitations and Corrections. *Id*. at 6; Doc. 3-1.

In February 2021, Bandy completed and submitted to the Internal Revenue Service a 2020 tax return form requesting $1,800—the $1,200 payment plus the $600 payment. Doc. 1, at 3; Docs. 1-4, 1-6. But Bandy didn't receive the $1,800 because the Treasury Department offset this money due to Bandy's child support debt. Doc. 1, at 3, n [1].[3]

---

[2] The background facts are taken from Bandy's complaint and the exhibits that Bandy attached to his complaint. Documents attached to or incorporated into the complaint are part of the complaint and can be considered when evaluating a motion to dismiss brought under Federal Rules 12(b)(1) and 12(b)(6). *See Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 962 F.3d 882, 890 (6th Cir. 2020) (Rule 12(b)(6)); *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441 (6th Cir. 2012) (Rule 12(b)(1)).

[3] Bandy didn't number the footnotes in his complaint, so I have provided numbers.

3

Bandy concedes that the $1,200 portion of his requested $1,800 payment was properly "confiscate[d]" for child support payments per the CARES Act.[4] Doc. 1, at 3, n [1], and at 5–6. Bandy received the third, $1,400 payment. Doc. 1, at 3; Docs. 1-3, 1-5. So the only issue in this case is the $600 portion of the $1,800 payment that Bandy requested in his 2020 tax return. Doc. 1, at 3–5; *see also* Doc. 1-9 (Bandy's letter to the Internal Revenue Service).

Bandy alleges that the $600 economic impact payment was not subject to offset for child support debt. Doc. 1, at 5–6, 8, 11. He also states that correspondence with the Internal Revenue Service confirmed his belief—Bandy was advised that the $600 payment was not subject to offset for child support payments. *Id.* at 6, 9–10, 13; Doc. 1–18 (letter from the Internal Revenue Service). Bandy claims that he was injured when the defendants "led him to believe that if he claimed the entire payment of $1,800," the defendants would offset the $1,200 payment for child support that Bandy owed but not the $600. Doc. 1, at 11. He suggests that if he would have requested the $600 payment another way—not combined with his $1,200 request in a tax return—he would have received his $600 payment. *Id.* at 11–12, 14. Bandy accuses the defendants of penalizing him "for a mistake Defendants made or created" and contends that "the Defendants must be held accountable of running a [P]onzi

---

[4] *See also, e.g., Smith v. Cameron*, No. 3:20-cv-748, 2022 WL 109217, at *2 (W.D. Ky. Jan. 11, 2022) (explaining that the CARES Act expressly states that the $1,200 payment will be off-set for any past-due child support) (citing cases).

4

scheme." *Id.* at 11, 13–14. In his Complaint, Bandy seeks a payment of $600 plus interest and $1,000 in costs "for Defendants act[ions] in bad faith." Doc. 1, at 15.

> 1. *This Court lacks subject matter jurisdiction over Bandy's tax-related claim*

The defendants allege that this Court lacks subject matter jurisdiction over Bandy's tax-related claim, and that, under Federal Rule of Civil Procedure 12(b)(1), Bandy's tax-related claim should be dismissed. Doc. 23-1, at 4.

Federal courts are courts of limited jurisdiction. They may only exercise jurisdiction that has been conferred on them by Article III of the United States Constitution and by an Act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Even if a case appears to be the type of dispute usually heard by a federal court—such as a case arising under federal tax law—it may be that the party being sued is immune from suit, or the relevant statute strips the court of subject-matter jurisdiction to review the agency's actions. Without subject matter jurisdiction, this Court has no authority to hear the case and must dismiss it. *See* Fed. R. Civ. P. 12(h)(3).

The Treasury Offset Program is "a centralized program administered by the Department of the Treasury to help federal agencies collect delinquent debts owed to the federal government." *McQueen v. Comm'r of IRS*, No. 2:15-cv-2777, 2015 WL 6384686, at *2 (S.D. Ohio Oct. 22, 2015) (quoting *Omegbu v. United States Dept. of Treasury*, 118 F. App'x 989, 990 (7th Cir. Dec. 16, 2004)), *report and recommendation adopted*, 2016 WL 164095 (S.D. Ohio Jan. 14,

5

2016). The program also covers debts owed to state agencies, like child support payments. *See Seto v. United States*, 160 Fed. Cl. 37, 43 (2022)[5]; *Smith*, 2022 WL 109217, at *2. Under 26 U.S.C. § 6402(c), in the event of an income tax overpayment "[t]he amount of any overpayment to be refunded … shall be reduced by the amount of any past-due support (as defined in section 464(c) of the Social Security Act [as amended, 42 U.S.C. § 664(a)]) owed by that person[.]" And 42 U.S.C. § 664(a), in turn, states that the Treasury Secretary will withhold from an income tax refund any past-due child support payments that an individual owes to a State agency. *See also* 31 C.F.R. § 285.3 (effective Jan. 2016 to Sept. 2022); 45 C.F.R. § 303.72 (effective Jan. 2017).

Bandy requested an $1,800 payment by submitting a 2020 tax form. Doc. 1, at 3; Doc. 1-4. This included a $1,200 payment per the CARES Act and a $600 payment per the Consolidated Appropriations Act. Doc. 1, at 3–4. The Treasury Department offset both payments under the Treasury Offset Program for Bandy's past-due child support. Docs. 1-7, 1-8; *see* 28 U.S.C. § 6402(c). The offset statute bars a federal court from reviewing the Treasury Department's offset actions. Subsection (g) states:

> No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c) …. No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax. This subsection does not preclude any legal,

---

[5]  Citing https://fiscal.treasury.gov/top/ [https://perma.cc/ZD6N-SU3R].

> equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid[.]

26 U.S.C. § 6402(g).

So this Court does not have subject matter jurisdiction over Bandy's challenge to the Treasury Department's offset under 26 U.S.C. § 6402(c) of the $600 economic impact payment.[6] *See Prance v. United States*, No. 22-cv-1905, 2023 WL 6799101, at *2 (Fed. Cl. Oct. 13, 2023) (finding that 26 U.S.C. § 6402(g) barred the court from having jurisdiction to hear the plaintiff's claim that the Treasury Department improperly offset his $600 economic impact payment per the Consolidated Appropriations Act that the plaintiff requested in tax return). The defendants' Motion to dismiss for lack of subject matter jurisdiction over Bandy's tax-related claim should be granted.

*2.  Bandy's complaint fails to state claim upon which relief can be granted*

Even if this Court has jurisdiction over Bandy's tax-related claim, Bandy hasn't stated a tax-related claim or any other claim upon which relief can be granted. So his complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true,

---

[6]  While 26 U.S.C. § 6402(g) permits an individual to challenge the debt itself, *see also Prance v. United States*, No. 22-cv-1905, 2023 WL 6799101, at *3 (Fed. Cl. Oct. 13, 2023), Bandy has not challenged the validity of his underlying child-support debt.

to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The factual allegations of a pleading must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Id*. "Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotation marks omitted).

In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case so long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### 2.1 Tax-related claim

Bandy argues that the $600 economic impact payment was not subject to offset under 26 U.S.C. 6402(c) because Bandy has been in prison "for nearly … 22 years and counting, and cannot be considered as a taxpayer." Doc. 1, at 8. But he concedes that he requested the $600 payment in a 2020 tax return.

8

Doc. 1, at 7. And the Consolidated Appropriations Act protects from offset only payments that individuals claimed in the form of economic impact payments, not through a tax refund. *See Prance*, 2023 WL 6799101, at *3 (finding that the plaintiff failed to state a claim when he alleged that his $600 economic impact payment claimed in a tax refund was not subject to offset; "[b]ecause plaintiff claimed his COVID-related relief payments on his tax returns rather than applying to receive advance [economic impact payments], the Treasury Department was entitled to offset his tax refund against the State Department debt."). So Bandy has failed to state a tax-related claim upon which relief can be granted.

### 2.2 Claim against Internal Revenue Service employees

Bandy alleges that Internal Revenue Service employees deliberately misled him into requesting his $600 economic impact payment in a tax return so that they could confiscate the $600 payment. Doc. 1, at 11, 13–14. To the extent that these allegations can be construed as a separate claim against the employees, the claim should be dismissed for the following reasons.

First, under 26 U.S.C. § 7433(a), a taxpayer may bring a cause of action against an Internal Revenue Service employee who—in connection with any collection of federal tax—negligently, recklessly, or intentionally violates the Internal Revenue Code. But a claim under section 7433 requires that the plaintiff exhaust administrative remedies. 26 U.S.C. § 7433(d)(1). And 26 C.F.R. § 301.7433-1(d) and (e) detail the required procedure, including that a

9

claim must be made "in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." *See also Hoogerheide v. I.R.S.*, 637 F.3d 634, 639 (6th Cir. 2011). Bandy doesn't allege that he complied with the exhaustion requirement and none of the letters he attached to his complaint show that he did. *See Hoogerheide*, 637 F.3d at 639 ("None of the letters from Hoogerheide or Hoogerheide's counsel are addressed to 'the Area Director, Attn: Compliance Technical Support Manager of the area in which' Hoogerheide 'resides'" as the regulations require or "mentions a claim of damages against the IRS") (quoting 26 C.F.R. § 301.7433–1(e)). So any claim against Internal Revenue Service employees should be dismissed for this reason. *See id.*

Second, Bandy's complaint doesn't contain specific allegations that Internal Revenue Service employees misled him. Rather, Bandy's complaint states that Bandy consulted the Internal Revenue Service website and relied on correspondence with an individual from the Ohio Department of Rehabilitations and Corrections when he requested his $1,800 payment in a 2020 tax return. *See* Doc. 1, at 6; Doc. 3-1 (correspondence with Ohio Department of Rehabilitations and Corrections personnel).[7]

Bandy names two Internal Revenue Service employees who sent him letters updating him about his tax return, Doc. 1, at 9, but neither letter

---

[7] The correspondence from the Ohio Department of Rehabilitations and Corrections states, "This kite option is monitored by DRC—not IRS." Doc. 3-1, at 2.

provided advice or instruction to Bandy and both were sent after Bandy filed his tax return. *See* Docs. 1-13, 1-15. Bandy alleges that one of the employees advised him in December 2022 that Bandy's $600 payment was offset to pay Bandy's child support debt. Doc. 1, at 9–10. Not only was this letter accurate, but it was sent to Bandy almost two years after he filed his 2020 tax return. *See* Doc. 1-18 (Bandy's exhibit P). So Bandy couldn't have relied on these letters in February 2021 when he filed his tax return. Simply put, Bandy hasn't identified any advice from an Internal Revenue Service employee that he relied on to his detriment. He has only provided "labels and conclusions" of misconduct, which "will not do." *See Twombly*, 550 U.S. at 555. So Bandy's claim against Internal Revenue Service employees should be dismissed for his failure to state a claim upon which relief can be granted. *See id.*

Finally, any claim that Bandy purports to bring under the Federal Tort Claims Act also fails. This is so because the Federal Tort Claims Act expressly states that the government's sovereign immunity is not waived for "[a]ny claim arising in respect of the assessment or collection of any tax." *Dunlap v. Lew*, No. 2:15-cv-2675, 2016 WL 2926310, at *3 (S.D. Ohio May 19, 2016) (quoting 28 U.S.C. § 2680(c)), *aff'd*, No. 16-3658, 2017 WL 9496075 (6th Cir. June 2, 2017).

For all of these reasons, the defendants' Motion to dismiss under Federal Rules 12(b)(1) and 12(b)(6) should be granted.

11

3.  *Bandy's Motion for default judgment should be denied*

As part of his opposition brief, Bandy filed a Motion to dismiss the defendant's Motion to dismiss. Doc. 24. The basis for Bandy's Motion is that the defendants "are all still in default according to Fed. R. Civ. P. 12(a)(2) or (3)." Doc. 24, at 1.

In his Motion, Bandy alleges that he is entitled to default judgment against the defendants because, he argues, the defendants "failed to answer or otherwise defend or appear within … 60 days" after Bandy served them. *Id.* at 2. But Bandy's calculations are based on the first service Bandy attempted. *Id.* That attempted service was improper, as the I explained in my order denying without prejudice Bandy's prior motion for default:

> Under Federal Civil Procedural Rule 4(i), a plaintiff suing a United States Officer must also serve the United States and the United States Attorney for the district in which the lawsuit was filed. Fed. R. Civ. P. 4(i)(1)(A)(i) & (2). Here, Bandy didn't serve the United States Attorney for the Northern District of Ohio, so he hasn't properly served the Defendants. *See id.*… Because Bandy has not properly served Defendants with summons and the Complaint, he is not entitled to default judgment. *See, e.g., Steese v. SML Relocation, LLC*, No. 5:15-CV-2681, 2016 WL 4066942, at *3 (N.D. Ohio July 29, 2016).

Doc. 15, at 2–3.[8]

In his reply brief, Bandy states that he didn't receive the Court's Order denying his motion for default judgment. Doc. 27. Nevertheless, for the same

---

8   In the Order, I also explained that Bandy had not followed the proper procedure for obtaining default judgment. Doc. 15, at 3–4.

12

reasons explained above, Bandy's renewed request for default judgment based on the same set of facts, Doc. 24 at 2–3, should fail. Bandy's first service was not proper, and the defendants filed their Motion to dismiss on October 6, 2023, within 60 days of service having been executed on all of the proper individuals. *See* Doc. 17 (return of service executed on August 7, 2023).

Bandy's Motion for default judgment, Doc. 24, should be denied.

*Conclusion*

For all the reasons explained above, I recommend that the Court grant the defendants' Motion to dismiss, Doc. 23, and deny Bandy's Motion for default judgment, Doc. 24.

Dated: November 9, 2023

                                          */s/ James E. Grimes Jr.*
                                          James E. Grimes Jr.
                                          U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).